IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES DIXON, #139 244, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-880-TMH |
| | )             [WO] |
| DISTRICT ATTORNEY JOHN | ) |
| ANDREWS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Plaintiff, a state inmate currently incarcerated at the Easterling Correctional Facility. Plaintiff requests injunctive relief in the form of compelled release of physical evidence associated with his conviction for rape entered against him in 1970. Specifically, Plaintiff seeks to obtain the rape kit slide alleged to be in the possession of the Luverne Police Department in order to subject it to DNA testing. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. (*Doc. No. 4*.) A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

Plaintiff was convicted of rape in the Circuit Court for Crenshaw County, Alabama, in 1970.  In this § 1983 action, Plaintiff seeks access to DNA evidence, specifically the rape kit slide taken at the time of the crime, claiming that this evidence was not tested at the time of his trial because law enforcement officials failed to turn it over to the District Attorney. Plaintiff maintains that DNA testing "may change the result" and show he is actually innocent.  (*Doc. No. 1*.)

To the extent Plaintiff attempts to present a substantive due process right to obtain biological evidence for DNA testing in order to demonstrate that he is innocent, such claim is due to be dismissed.  In *Dist. Attorney's Office for Third Judicial Dist. v. Osborne,* 557 U.S. 52 (2009), the United States Supreme Court concluded that the federal constitution provides no broad, freestanding right to access DNA evidence, and thus, there is no substantive due process post-conviction right to obtain evidence for DNA testing purposes. *Id*. at 72-74.  *See also Skinner v. Switzer,*___ U.S. ___, 131 S.Ct. 1289, 1293, 179 L.Ed.2d 233 (2011) (internal citations omitted) (finding that a post-conviction claim for DNA testing may be pursued in a civil rights action under 42 U.S.C. § 1983 but specifically noting the *Osborne* decision which limits the federal action a state prisoner may bring for DNA testing: *"Osborne* rejected the extension of substantive due process to this area and left slim room for the prisoner to show that the governing state law denies him procedural due process.").

With regard to the procedural component of the Due Process Clause, there must first be a demonstration that an individual has been deprived of a constitutionally protected property or liberty interest. *Daniels v. Williams*, 474 U.S. 327, 339 (1986). If a liberty or property interest is found, the next step in the due process inquiry is to determine what process is due. Due process is a fluid rather than fixed concept and "calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972); *Gilbert v. Homar,* 520 U.S. 924, 930 (1997).

As noted, the *Osborne* Court recognized that a prisoner may retain a state-created liberty interest in demonstrating his innocence with new evidence under state law. *Id*. 557 U.S. at 67-68. Where a state has a mechanism in place for those seeking relief from a conviction, not only does due process not "dictate the exact form such assistance must assume," but also, federal courts must defer to a state's post-conviction relief procedures unless and until those procedures are shown to be "fundamentally inadequate to vindicate the substantive rights provided." *Id*. at 67-68 (internal quotations and citations omitted).

Here, Plaintiff has not sought relief on the basis that Alabama's statutory procedure for post-conviction access to DNA evidence is inadequate as a matter of law or even argued that the state law procedures available to him in state post-conviction relief are inadequate. *Id.* 557 U.S. at 71 ("[I]t is [Plaintiff's] burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief."). Accordingly, the court declines to address any such procedural due process claim.

Finally, any claim Plaintiff seeks to make regarding a "federal constitutional right to be released upon proof of 'actual innocence,'" is foreclosed by the Court's decision in *Osborne* as well as this Circuit's decision in *Cunningham v. Dist. Attorney's Office,* 592 F.3d 1237, 1255 (11th Cir. 2010) ("[T]he Supreme Court has made clear that *Herrera [ v. Collins*, 505 U.S. 390 (1993)], is not a basis for obtaining DNA testing in a § 1983 action...."). *Osborne*, 557 U.S. at 71.  To the extent, therefore, that Plaintiff presents an assertion of actual innocence based on *Herrera*, such claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as it is more appropriately presented in a petition for habeas corpus relief. *See Id*. at 72 (assuming a federal actual innocence claim is viable, "federal procedural rules permit discovery 'for good cause.'").

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before **December 28**, **2012,** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of December, 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE